[26 NYS3d 325]

In the Matter of JOELL BARNETT (Admitted as JOELL CAROL BARNETT), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 2, 2016

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Law Office of Robert A. Ungar, P.C.*, Garden City (*Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated March 10, 2015. Following a hearing held on May 20, 2015, the Special Referee sustained the single charge. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as this Court deems just and appropriate. The respondent has submitted a response, wherein she agrees that the Special Referee's report should be confirmed and that the charge of professional misconduct should be sustained, but urges the Court to consider various mitigating circumstances with respect to the imposition of a sanction.

Charge one alleges that the respondent violated rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) based on her conviction of a serious crime. On November 22, 2011, the respondent pleaded guilty in the United States District Court for the Southern District of New York, before the Honorable Naomi Reice Buchwald, to the crime of conspiracy to commit wire fraud, in violation of 18 USC §§ 1343 and 1349, a

class B felony, and to the crime of conspiracy to commit wire fraud and bank fraud, in violation of 18 USC §§ 1343, 1344 and 1349, also a class B felony. On November 12, 2014, she was sentenced to time served, three years of supervised release, 300 hours of community service, and other conditions.

Based on the uncontroverted evidence, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

In determining the appropriate measure of discipline to impose, the respondent urges the Court to bear in mind the punishment already meted out by the federal court, her expressed contrition, her cooperation with the federal authorities, her relatively minor role in the conspiracy, her inexperience with real estate matters which allowed her to be taken advantage of by her coconspirators who masterminded the fraudulent mortgage scheme, the fact that she has been suspended since March 2013, and her general reputation as a hardworking and community-minded individual.

Notwithstanding the mitigation advanced, the respondent was convicted of two federal felonies involving substantial losses to the victims, despite the fact that she personally did not profit and was not required to make restitution. While the respondent's role in the conspiracy was minor relative to that of her coconspirators, the fraud committed was not minor. Moreover, she participated in questionable mortgage transactions over an extended period of time. At her plea allocution, the respondent admitted that, from 2004 to 2007, she made disbursements in transactions which were structured to "make it difficult for banks and others to understand how and to whom the bank's money was being disbursed." She further admitted that she "continued to work on these deals as an attorney even after I realized that certain things were being hidden from the banks and I knew that doing so was wrong." Although the respondent cooperated with the government, she also reaped the benefit of that cooperation in that she received no jail time. We note that the respondent's three-year probation does not expire until November 12, 2017.

Under the totality of circumstances, the respondent is suspended from the practice of law for five years, with credit for the time elapsed under the decision and order of this Court dated March 12, 2013.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Joell Barnett, admitted as Joell Carol Barnett, is suspended from the practice of law for a period of five years, nunc pro tunc to March 12, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 12, 2017. In such application, the respondent shall furnish satisfactory proof (1) that during the said period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) that she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Joell Barnett, admitted as Joell Carol Barnett, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Joell Barnett, admitted as Joell Carol Barnett, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joell Barnett, admitted as Joell Carol Barnett, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).